# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BRECHER, individually and on behalf of all others similarly situated, et al.,<br><br>　　　　　　　　　Plaintiffs,<br>　vs.<br>CITIGROUP GLOBAL MARKETS, INC., et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 09cv1344-CAB (MDD)<br><br>ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE<br><br>[ECF NO. 106] |

　　Before the Court is the joint motion for determination of a discovery dispute filed on September 27, 2013. (ECF No. 106). The dispute involves responses to six requests for production and eight interrogatories propounded by Plaintiffs upon Defendants.

　　Procedurally, the case is on its Third Amended Complaint ("TAC") which has withstood a motion to dismiss. (ECF No. 89). On behalf of a class, Plaintiffs allege violations of law stemming from the creation of Morgan Stanley Smith Barney. Plaintiffs claim that the merger adversely impacted the stock incentive plan they were provided by their former employer, Smith Barney. Plaintiffs also allege that beginning in 2008, they were not reimbursed by their employer for business expenses - portions of

their commission checks paid to their sales assistants.[1]

No class has been certified. The operative Case Management Order requires that all fact and expert discovery necessary to support or oppose class certification be completed by February 3, 2014. (ECF No. 101).

## Legal Standard

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Also, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id. Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable. Id. There is no requirement that the information sought directly relate to a particular issue in the case. Rather, relevance encompasses any matter that "bears on" or could reasonably lead to a matter that could bear on, any issue that is or may be presented in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354 (1978). District courts have broad discretion to determine relevancy for discovery purposes. See *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Limits also should be imposed where the burden or expense outweighs the likely benefits. Id.

"An interrogatory may relate to any matter that may be inquired

---

[1] For a more detailed exposition of the facts, see the Order Denying Motion to Dismiss Third Amended Complaint. (ECF No. 89).

1 under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). The responding party must
2 answer each interrogatory by stating the appropriate objection(s) with
3 specificity or by "answer[ing] separately and fully in writing under oath."
4 Id. at 33(b). The responding party has the option in certain
5 circumstances to answer an interrogatory by specifying responsive
6 records and making those records available to the interrogating party.
7 Id. at 33(d).

8 Similarly, a party may request the production of any document
9 within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or
10 category, the response must either state that inspection and related
11 activities will be permitted as requested or state an objection to the
12 request, including the reasons." Id. at 34(b). The responding party is
13 responsible for all items in "the responding party's possession, custody,
14 or control." Id. at 34(a)(1). Actual possession, custody or control is not
15 required. Rather, "[a] party may be ordered to produce a document in
16 the possession of a non-party entity if that party has a legal right to
17 obtain the document or has control over the entity who is in possession of
18 the document. *Soto v. City of Concord*, 162 F.R.D. 603, 620
19 (N.D.Cal.1995).

20 Prior to certification of a class, some discovery regarding the class
21 may be appropriate. See *Vinole v. Countrywide Home Loans, Inc.*, 571
22 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable
23 proposition that often the pleadings alone will not resolve the question of
24 class certification and that some discovery will be warranted.").
25 Discovery likely is warranted where the requested discovery will resolve
26 factual issues necessary for the determination of whether the action may
27 be maintained as a class action. *Kamm v. California City Development*
28 *Co.*, 509 F.2d 205, 210 (9th Cir. 1975). Plaintiff carries the burden of

1  making either a prima facie showing that the requirements of
2  Fed.R.Civ.P. 23(a) to maintain a class action have been met or "that
3  discovery is likely to produce substantiation of the class allegations."
4  *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).

Analysis

6  Each of the disputed items will be addressed below in groups or
7  individually as may be appropriate.
8  RFP #7
9  This RFP relates to the unreimbursed business expense claims. As
10 modified by agreement of the parties, Plaintiffs seek production of the
11 Smith Barney Financial Advisor Compensation Plans for 2005-2007.
12 Defendants have produced the plans for 2008-2009. The TAC only
13 asserts violations beginning on January 1, 2008. Plaintiffs assert that
14 the earlier plans may contain statements or admissions of Defendants
15 relevant to the pending claims. Defendants assert that they have settled
16 a class action regarding claims related to the earlier plans and state that
17 there is no basis to reopen that discovery. Further, Defendants assert
18 that since the challenged unreimbursed payments were made pursuant
19 to the 2008 and 2009 plans, the earlier plans are not relevant to any
20 claim or defense in this action.
21 Plaintiffs have not convinced the Court that the 2005-2007 plans
22 may have information relevant to a claim or defense in this action. The
23 motion to compel production of the 2005-2007 Financial Advisor
24 Compensation Plans is **DENIED.**
25 RFP #8
26 This RFP relates to the Citigroup Stock Award Program ("CSAP").
27 Plaintiffs seek the production of the "Employee Matters Agreement"
28 between Citigroup and Morgan Stanley signed in connection with the

formation of Morgan Stanley Smith Barney. Plaintiff asserts that the document at issue may have relevant information regarding forfeited and reissued shares. Defendants assert that this request is overbroad and, at the pre-certification stage, is not required.

The Court finds for Plaintiffs on this issue. To the extent that the "Employee Matters Agreement" contains information regarding the CSAP, it must be provided. The information appears relevant to the claims of the individual Plaintiffs. It also may be relevant to class certification issues. As provided herein, Plaintiffs' motion to compel production of the Employee Matters Agreement, to the extent that it contains information regarding the CSAP, is **GRANTED**.

RFP #'s 12-14

These RFPs also relate to the CSAP claims. At the heart of the claims is Plaintiffs' assertion is that they earned at least a *pro rata* portion of unvested shares of Smith Barney. In the creation of Morgan Stanley Smith Barney, their unvested shares were cancelled and replaced by shares in the new entity. The disputed RFPs 12-14 seek discovery of documents related to the decision to cancel the unvested Smith Barney shares and replace them with shares in the new entity.

Plaintiffs assert that they are entitled to discovery of any non-privileged information regarding the cancellation and replacement of unvested shares. Defendants assert that the requests are not related to any claim or defense - the issue is whether Plaintiffs received replacement shares and, if so, whether they would be unjustly enriched by also receiving a *pro rata* of their unvested Smith Barney stock. By that theory, Defendants assert, this information is not relevant.

The Court finds for the Plaintiffs. Non-privileged communications regarding the decision to cancel the unvested Smith Barney shares and

the decision to replace those shares with stock in the Morgan Stanley Smith Barney is relevant regarding the claims of the individual Plaintiffs and also may be relevant to class certification issues. The motion to compel further production on RFPs 12-14 is **GRANTED.**

RFP # 19

This RFP relates to the business expense claims. Plaintiffs seek documents reflecting any changes in Defendants' policies and procedures regarding payments by California based financial advisors to sales assistants between 2005 and 2009. Although conceding that the proposed class is from January 1, 2008 to June 1, 2009, Plaintiffs assert that there may be relevant admissions in earlier documents. Defendants assert that they settled and all financial advisors released any expense claim that arose prior to January 1, 2007. Further, Defendants assert that because the class claims are for activities occurring in 2008 and 2009, the information sought is not relevant.

This RFP is similar to RFP #7. The Court ruled that the information sought in RFP #7 is not relevant to this case because it precedes the class period. Plaintiffs' claim that the documents "may" contain admissions is insufficient. The motion to compel a further response to RFP #19 is **DENIED.**

Interrogatories 1-4

These Interrogatories ask Defendants to identify names and contact information for all individuals who fall within the putative class and sub-class definitions. Defendants assert that there are approximately 179 members of the Stock Award Class and approximately 949 members of the Business Expense Class. Defendants have offered to produce the names and contact information for 10% of the members of each putative class, selected randomly. Plaintiffs claim

that this is insufficient.

Applying *Mantolete*, the Court finds that Plaintiffs have not carried their burden of making a *prima facie* showing that the requirements of Fed.R.Civ.P. 23(a) to maintain a class action have been met. Accordingly, under *Mantolete*, the next question is whether the discovery sought is likely to produce substantiation of the class allegations. The Court finds that some discovery is warranted but not of the entire putative class. *See Taylor v. Waddell & Reed, Inc.*, 2012 WL 5574876 (S.D. Cal. April 27, 2012). The Court finds the proposal by Defendants is reasonable but the Court will authorize discovery of a slightly larger number of members of each putative class. In response to Interrogatories 1-4, Defendants are to produce the names and contact information for 25 members of the Stock Award Class and 100 members of the Business Expense Class. The Court finds that this is sufficient for Plaintiffs to investigate the validity of their class claims. To this extent, the motion to compel further responses to Interrogatories 1-4 is **GRANTED.**

Interrogatories 5, 7, 9, 10

These interrogatories ask Defendants to provide the number of unvested CSAP shares that were cancelled class-wide for the Stock Award Class and the total amount of payments or "allocations" made by the Business Expense Class to support staff during the relevant periods. Regarding the CSAP shares, Defendants argue that this discovery is unwarranted pre-certification and that the discovery is not relevant to the claim that the class members should have received a *pro rata* portion of the value of their cancelled shares. Defendants also assert that that they have responded completely to the Interrogatories regarding business expenses - no putative class members made any payments to

1  sales assistants during the class period.  Payments were made by
2  Defendants to support personnel based upon allocation decisions made
3  by financial advisors.
4      The Court finds that discovery of the total amount of unvested
5  shares which were cancelled is premature and may not be relevant.  The
6  Court has authorized disclosure of the contact information of 20 putative
7  stock award class members.  With regard to those 20 putative class
8  members, Defendants are to produce, if it is within their possession,
9  custody or control, non-privileged information reflecting the number of
10 unvested shares which were cancelled and the number of replacement
11 shares offered.
12     Regarding the business expense class, based upon the language of
13 the interrogatories at issue, the Court finds the responses of Defendants
14 to be sufficient.
15     Accordingly, the motion to compel further responses to
16 Interrogatories 5 and 7 is **GRANTED IN PART**, as provided herein.
17 The motion to compel further responses to Interrogatories 9 and 10 is
18 **DENIED.**
19                                    Conclusion
20     For the foregoing reasons, the motions to compel further production
21 and responses contained within the joint motion for determination of a
22 discovery dispute are granted and denied as provided herein.  To the
23 extent that further production or responses have been required, they are
24 to be made within twenty (20) days of this Order absent further Order of
25 the Court.
26 DATED: October 7, 2013
27
28                                   Hon. Mitchell D. Dembin
                                  U.S. Magistrate Judge