# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BRECHER, individually and on behalf of all others similarly situated, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CITIGROUP GLOBAL MARKETS, INC., et al., <br><br> Defendants. | CASE NO. 09cv1344-CAB (MDD) <br><br> ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE <br><br> [ECF NO. 112] |

Before the Court is the joint motion for determination of a discovery dispute filed on November 1, 2013. (ECF No. 112). The dispute involves responses to three interrogatories propounded by Plaintiffs upon Defendants. (*Id.*).

Procedurally, the case is on its Third Amended Complaint ("TAC") which has withstood a motion to dismiss. (ECF No. 89). On behalf of a class, Plaintiffs allege violations of law stemming from the creation of Morgan Stanley Smith Barney. Plaintiffs claim that the merger adversely impacted the stock incentive plan he and the putative "Stock Award Class" were provided by their former employer, Smith Barney. Plaintiffs also allege that beginning in 2008, he and the putative "Business Expense Class" were not reimbursed by their employer for business expenses -

portions of their commission checks paid to their sales assistants.[1]

No class has been certified. The operative Case Management Order requires that all fact and expert discovery necessary to support or oppose class certification be completed by February 3, 2014. (ECF No. 101).

## Legal Standard

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Also, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id. Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable. Id. There is no requirement that the information sought directly relate to a particular issue in the case. Rather, relevance encompasses any matter that "bears on" or could reasonably lead to a matter that could bear on, any issue that is or may be presented in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354 (1978). District courts have broad discretion to determine relevancy for discovery purposes. See *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Limits also should be imposed where the burden or expense outweighs the likely benefits. Id.

"An interrogatory may relate to any matter that may be inquired

---

[1] For a more detailed exposition of the facts, see the Order Denying Motion to Dismiss Third Amended Complaint. (ECF No. 89).

under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or by "answer[ing] separately and fully in writing under oath." Id. at 33(b). The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party. Id. at 33(d).

Prior to certification of a class, some discovery regarding the class may be appropriate. See *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted."). Discovery likely is warranted where the requested discovery will resolve factual issues necessary for the determination of whether the action may be maintained as a class action. *Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1975). Plaintiffs carry the burden of making either a prima facie showing that the requirements of Fed.R.Civ.P. 23(a) to maintain a class action have been met or "that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).

## Analysis

In an Order filed on October 7, 2013, in connection with an earlier discovery dispute, the Court, among other things, ordered Defendants to disclose contact information for 25 of the 179 member Stock Award Class and for 100 of the 949 member Business Expense Class. (ECF No. 108). In the instant dispute regarding Set Two Interrogatories 21 and 22, as limited by agreement of the parties, Plaintiffs seek disclosure of the amount of commissions allocated to their support staff by the 100 members of the Business Expense Class whose contact information will be provided

pursuant to the earlier Order of the Court. In the dispute regarding Set Two Interrogatory 23, as limited by agreement of the parties, Plaintiffs seek disclosure of the total compensation of 30 randomly selected support staff of financial advisors broken down by regular compensation and compensation derived from commission allocations from financial advisors.

1. <u>Interrogatories 21 and 22</u>

According to Defendants, during the initial meet and confer sessions regarding these Interrogatories, Plaintiffs agreed to accept the requested information for 40 financial advisors (20 randomly selected from each of the two Business Expense Class sub-classes). After some negotiations, Defendants acceded to the demand. (ECF No. 112-10 Exhs. D-H). Then, according to Defendants, Plaintiffs increased their demand to the 100 advisors to be identified pursuant to the Court's earlier Order. The timing suggests that Plaintiffs changed their position as a consequence of the Order filed on October 7, 2013.

There is much unproductive gamesmanship afoot. The point of the Court's Order requiring disclosure of the contact information for 100 financial advisors of the 949 putative Business Expense Class members was to allow Plaintiffs to attempt to communicate with these individuals and obtain whatever information Plaintiffs believe they need to substantiate their claims and class allegations. It was not intended to open the door to class merits discovery from Defendants related to this sample.

Based upon *Mantolete*, the Court is not convinced that pre-certification disclosure by Defendants of the amounts allocated by each advisor informs any issues related to class certification. Speaking generally, the issues appear to be the circumstances under which advisors determined to participate or not in the program and whether the payments generated constituted necessary business expenses of Defendants which

were charged to the Plaintiffs and which were not reimbursed as may be required by law. The amounts allocated may be relevant to damages in the event of certification but are not relevant pre-certification.

Accordingly, the Court denies the motion to compel further disclosures to Interrogatories 21 and 22. The Court does not interpret Defendants' willingness to produce this information regarding 40 advisors as part of the meet and confer process as a concession of pre-certification relevance.

2. Interrogatory 23

Plaintiffs seek anonymized compensation information for 30 California-based staff employees assigned to assist financial advisors broken down by categories of compensation. Plaintiffs assert that this information informs class certification issues by providing a basis for Plaintiffs to assert that the allocations were a business necessity by Defendants to retain these employees – that otherwise their compensation would be so low as to discourage them from staying on. If necessary and charged to advisors but unreimbursed, Plaintiffs theory may hold water.

The Court agrees with Plaintiffs that this information is relevant to class certification. Defendants argue their own theory that the financial advisors actually made no allocations or payments - that all payments were made by Defendants and are not properly viewed as business expenses to the advisors - but that argument is better left to the defense of the class certification motion.

Defendants have provided the requested information limited to the support staff assigned to the named Plaintiffs. (ECF No. 112-10, Exh. A). The data provided appears to be for 8 such employees. The Court agrees with Plaintiffs that limiting the disclosure to the support staff for the named Plaintiffs is not a sufficient sample. According to the motion, there were over 500 such support employees in California during the relevant

1 period. (ECF No. 112 at 27).

2     The Court finds that, as modified, Plaintiffs' request is reasonable and
3 grants the motion to compel compensation information for a total of 30
4 (inclusive of the data previously provided) California-based support staff
5 broken down by type of compensation for the class period. The information
6 may be provided by employee number or Defendants may further
7 anonymize that information by using some other identification scheme but
8 retaining the code in the event that the actual employee needs to be
9 identified later. The remaining approximately 22 employees should be
10 selected randomly.

<u>Conclusion</u>

12     Accordingly, the motion to compel further responses to Interrogatories
13 21 and 22 is **DENIED.** The motion to compel further responses to
14 Interrogatories 23 is **GRANTED**, to the extent provided herein. Such
15 further responses are to be made within twenty (20) days of this Order
16 absent further Order of the Court.

17
18 DATED: November 15, 2013

19
20                                     Hon. Mitchell D. Dembin
                                    U.S. Magistrate Judge